UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARRICK CALANDRO, AS ADMINISTRATOR )<br>OF THE ESTATE OF GENEVIEVE CALANDRO, )<br>)<br>Plaintiff,           )<br>v.                      )<br>)<br>SEDGWICK CLAIMS MANAGEMENT     )<br>SERVICES, INC.,                )<br>)<br>Defendant.           ) | CIVIL ACTION<br>NO.  15-10533-PBS |

**SUPPLEMENTAL ORDER ON MOTION TO QUASH
OR MODIFY SUBPOENA AND/OR FOR PROTECTIVE ORDER**

December 7, 2015

DEIN, U.S.M.J.

### I. INTRODUCTION

Following a hearing on the "Motion of Sloane & Walsh, LLP and Lawrence J. Kenney, Jr., Esq. to Quash or Modify Subpoena and/or for Protective Order" (Docket No. 20), this court took under advisement the issue whether Sloane & Walsh may continue to withhold documents designated as attorney work product, or whether those documents must be produced pursuant to the subpoenas that the plaintiff has served on Sloane & Walsh and Attorney Kenney.  This Supplemental Order addresses that issue.  For all the reasons described below, this court finds that there is no general waiver of work product protection in cases involving claims of unfair settlement practices against an insurer, which would defeat Sloane & Walsh's right to claim work product protection over the challenged documents, and that Sedgwick's waiver of the protection in this case is insufficient to warrant production of the documents to the plaintiff.

Accordingly, and as further detailed below, Sloane & Walsh's motion to quash or for a protective order is ALLOWED with respect to those documents.

## II. DISCUSSION

Generally, in diversity cases such as this one, where no federal question is presented, "state law will govern the application of a privilege." S.D. Warren Co. v. Eastern Elec. Corp., 201 F.R.D. 280, 282 (D. Me. 2001). "However, federal courts apply federal law when addressing the work product doctrine, even in diversity cases lacking any federal question." Id. and cases cited. See also Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D. 7, 11 (D. Mass. 1997) ("The work product doctrine . . . is a federal right derived from the Federal Rules of Civil Procedure and therefore resolved according to federal law" (quotations and citations omitted)). Accordingly, this dispute is governed by Fed. R. Civ. P. 26(b)(3). See Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 576 (9th Cir. 1992) (explaining that Rule 26(b)(3) "substantially codifies" the work product doctrine). That Rule provides in pertinent part as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But … those materials may be discovered if:
>
> (i)  they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). Here, the plaintiff does not dispute that the documents at issue were prepared in anticipation of litigation, and that they qualify as work product under Rule 26(b)(3). Nevertheless, he contends that the documents are discoverable

because work product protection does not apply to cases, such as this one, involving claims of bad faith settlement practices, and because Sedgwick has waived any claim of privilege or work product protection. (Pl. Opp. Mem. (Docket No. 23) at 3-6). This court finds that the plaintiff's arguments are unpersuasive, and that the motion should be allowed with respect to this issue.

Even in suits between an insured and its insurer, "Rule 26(b)(3), Fed. R. Civ. P., does not expressly create an exception for work product material generated in a . . . bad faith insurance action." Ferrara & DiMercurio, Inc., 173 F.R.D. at 11. Moreover, relevant authority "rejects 'a blanket waiver of privilege and work product protection in a bad faith insurance case.'" Id. at 12 (quoting Dixie Mill Supply Co., Inc. v. Continental Cas. Co., 168 F.R.D. 554, 558 (E.D. La. 1996)). Instead, the party seeking discovery must establish that he has "a 'substantial need' for the materials and cannot obtain the 'substantial equivalent' of the materials without 'undue hardship.'" Id. at 14 (quoting Fed. R. Civ. P. 26(b)(3)) (additional citation omitted). If the materials sought to be discovered consist of opinion work product, which reflects the mental impressions, conclusions, opinions or legal theories of counsel, they are only discoverable if the attorney's "mental impressions are at issue in [the] case and the need for the material is compelling." Holmgren, 976 F. 2d at 577 (emphasis omitted). This court finds that the plaintiff has not made the requisite showing in this case.

Calandro acknowledges that the defendant, Sedgwick, possesses copies or versions of the documents that have been withheld from production by Sloane & Walsh pursuant to the attorney-client privilege and the work product doctrine. (Pl. Opp. Mem.

at 4 n.7). In addition, there is no dispute that Sedgwick has waived any claims of privilege as part of its defense that its claims representative was working on the advice of counsel, and that it has produced copies of relevant work product documents to Calandro as part of its initial disclosures. (Id. at 4 n. 7, 5). Since the issue in this litigation is whether Sedgwick appropriately relied on the advice of counsel, only the advice passed on to Sedgwick is relevant. Undisclosed information from counsel is not relevant. Therefore, Calandro has not shown that he is unable to obtain the "substantial equivalent" of the relevant information in Sloane & Walsh's possession, or that he has a substantial, much less compelling, need for its work product documents.[1] See Ferrara & DiMercurio, Inc., 173 F.R.D. at 16 (finding that plaintiff did not demonstrate a substantial need for work product documents where "substantial equivalent" of the information was available through deposition testimony); Catino v. Travelers Ins. Co., Inc., 136 F.R.D. 534, 540 (D. Mass. 1991) (finding that plaintiff in unfair settlement practices action failed to establish substantial need for work product documents where there was no showing that "the 'substantial equivalent'" of the information could not be obtained elsewhere). Accordingly, he has not established that the challenged documents are discoverable under Fed. R. Civ. P. 26(b)(3).

The plaintiff argues that work product protection does not apply because Sedgwick has waived any claims of privilege in this case. (Pl. Opp. Mem. at 5-6). This

---

[1] To the extent copies of the work product documents produced by Sedgwick are incomplete or illegible, the plaintiff will likely be able to show that he has a substantial or compelling need to obtain those documents from an alternative source. Accordingly, nothing herein shall prevent Calandro from seeking to obtain duplicate copies of those documents from Sloane & Walsh.

4

argument too is insufficient to justify discovery.  "Unlike the attorney-client privilege, which belongs only to the client, the protections of Rule 26(b)(3) . . . may be claimed by either the client or the attorney."  Catino, 136 F.R.D. at 539.  "The fact that the client waives the privilege does not mean that protection is lost; the attorney may contest disclosure even in the face of a client's waiver."  Id.  See also Magnetar Techs. Corp. v. Six Flags Theme Park Inc., 886 F. Supp. 2d 466, 484 (D. Del. 2012) (finding that "any purported waiver" of work product protection by former client "does not eliminate [counsel's] work product immunity"), aff'd, Civ. No. 07-127-LPS-MPJ, 2014 WL 545440 (D. Del. Feb. 7, 2014).  At a minimum, the attorney is entitled to protection over its "'opinion work-product', i.e., . . . 'mental impressions, conclusions, opinions, or legal theories[.]'"  Catino, 136 F.R.D. at 539 (quoting Fed. R. Civ. P. 26(b)(3)).  Therefore, Calandro has not shown that he is entitled to discovery on the grounds of waiver.

In any event, there is no dispute that Sloane & Walsh represented not only Sedgwick, but also Hartford and the Radius entities as joint clients in the underlying lawsuit.  "[W]here there is a joint client relationship, a joint privilege exists, and a waiver of a joint privilege can only occur with the consent of all the parties of the joint representation."  Magnetar Techs. Corp., 886 F. Supp. 2d at 483.  Because the Radius entities and Hartford have refused to waive their rights to assert claims of privilege and work product protection over the documents in Sloane & Walsh's possession, Sedgwick's waiver is insufficient to defeat the present motion to quash or for a protective order.  See id. at 485 (finding that "[t]he existence of a joint privilege from a joint client relationship" among three parties prevented one party's production "from serving as a

5

waiver of work product protection or the attorney-client privilege" for the remaining parties).

### III. CONCLUSION

For all the reasons detailed above, the "Motion of Sloane & Walsh, LLP and Lawrence J. Kenney, Jr., Esq. to Quash or Modify Subpoena and/or for Protective Order" (Docket No. 20) is ALLOWED with respect to the documents that have been designated as attorney work product.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge