# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARRICK CALANDRO,<br>　　　　　Plaintiff,<br>v.<br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br>　　　　　Defendant. | NO. 15-cv-10533-PBS |

## JOINT PRE-TRIAL MEMORANDUM

I. **STIPULATED FACTS**

　　1.　　The plaintiff Garrick Calandro is the administrator of his mother Genevieve Calandro's estate.

　　2.　　Sedgwick Claims Management Services, Inc. ("Sedgwick") is a third-party administrator ("TPA").

　　3.　　Hartford Insurance Company, through its subsidiary Pacific Insurance Company ("Hartford") issued a liability insurance Policy No. 2Y0004802 naming four out of five of the Radius Entities as insureds excluding Rouch & Associates, Inc. The policy is an occurrence policy in the amount of $1 million covering the period June 1, 2008 to June 1, 2009.

4. There are five "Radius Entities": Radium Management Services, Inc., Radius Management Services II, Inc., Roush & Associates, Inc., Radius Danvers Operating, LLC, and Radius BD. Unless the context otherwise requires, for convenience the Radius Entitles will be called "Radius".

5. In connection with its healthcare line of business, Hartford engaged Sedgwick as a TPA pursuant to written contract(s).

6. On August 16, 2011, the plaintiff filed suit against the five Radius Entities alleging negligence, gross negligence and wrongful death. In July 2012, the plaintiff amended the complaint to add Dr. David Wahl as a defendant. The case is entitled <u>Garry Calandro, as Administrator of the Estate of Genevieve Calandro v. David Wahl, M.D., et al.</u>, Middlesex Sup. Ct. No. 2011-02874D (the "Underlying Case").

7. The lead trial counsel for the plaintiff in the underlying case was David Hoey.

8. The plaintiff served the summons and complaint on the Radius Entities in October 2011.

9. The terms under which Sedgwick acted as a TPA for Hartford are set out in a Third Party Administrator Agreement and the Service Requirements in that Agreement.

10. After Radius was served with the summons and complaint in October 2011, Mary Blair engaged the services of Bistany Adjustment Service to investigate the claim.

11. In October 2011, when the summons and complaint were received, the plaintiff demanded $500,000 to settle the case against the Radius Entities who, at the time, were the only defendants.

2

12. In November 2013 at the deposition of Dr. Wahl the plaintiff demanded $500,000 to settle with all defendants.

13. On February 6, 2014, the defendants made a joint settlement offer of $275,000. The offer was conveyed to plaintiff's counsel by Joe Pacheco, a claims adjuster for Coverys, Dr. Wahl's malpractice insurer. Of the $275,000 offer, Covery's was contributing $150,000 and Hartford was contributing $125,000.

14. Plaintiff's counsel rejected the offer on February 17, 2014 indicating that the $500,000 demand was non-negotiable.

15. On February 18, 2014, Mr. Pacheco again contacted plaintiff's counsel indicating that the $275,000 was an initial offer and that they had room to move but that the defendants would not bid against themselves.

16. On March 27, 2014, the plaintiff withdrew the $500,000 demand.

17. On April 8, 2014, the plaintiff demanded $1 million total in settlement of the entire case collectively against the Radius Entities and Dr. Wahl.

18. In early July 2014, Dr. Wahl settled with the plaintiff by paying $250,000.

19. On July 3, 2014, plaintiff's counsel sent Attorney Kenney an email renewing a $1 million demand and saying that unless an offer in excess of $500,000 was made by July 9 all settlement discussions would cease.

20. Jury selection began on July 16, 2014 and the trial commenced on July 17.

21. The compensatory portion of the trial took place on July 17, 18, and 21, 2014.

22. On July 21, 2014, the jury returned a verdict of $1,452,000. It found that Radius' negligence and gross negligence had caused Ms. Calandro's death.

23. The punitive phase of the trial took place on July 22, 2014. The jury awarded $12,514,605 in punitive damages.

24. On September 30, 2014, the plaintiff sent a demand letter under G.L. c. 93A, §9 to Hartford, Pacific, and Sedgwick alleging violations of G.L. c. 176D and demanding $40 million.

25. In November 2014, Hartford and the plaintiff mediated the case.

26. At the mediation, Hartford settled by paying the full amount of the judgment plus an additional amount, all totaling $16 million. Hartford obtained releases of the Radius Entities and itself. It did not obtain a release for Sedgwick.

27. The docket in the Underlying Case shows that the plaintiff's claims against the Radius Entities have been dismissed with prejudice.

28. Sedgwick received the demand on October 2, 2014 and responded on October 30, 2014. In its response, Sedgwick made a settlement offer of $1,990,197.

29. The plaintiff rejected the settlement offer and filed this lawsuit.

## II. AGREED EXHIBITS

1. Mary Blair Handwritten Notes (SED00441)

2. Letter from Lawrence Kenney to David Hoey dated August 21, 2013 (SED00444-SED00445)

3. Mary Blair Handwritten Notes (SED00446)

4. 90-Day Status Report dated August 16, 2013 (SED00462-SED00464)

5. Email from Mary Blair to Lawrence Kenney dated August 16, 2013 (SED00465)

6. Mary Blair Handwritten Notes (SED00466)

7. Mary Blair Handwritten Notes (SED00468)

8. Mary Blair Handwritten Notes (SED00473)

9. Mary Blair Handwritten Notes (SED00581- SED00582)

4

10. Mary Blair Handwritten Notes (SED00618)

11. Report from Mary Blair to Brian Karpe dated October 14, 2011 (SED00674-SED00675)

12. Email from Lawrence Kenney to Phil Bistany dated October 12, 2011 (SED00678)

13. Letter from Lawrence Kenney to Mary Blair dated June 30, 2014 (SED00741-SED00745)

14. Stipulation (SED00777)

15. Email from Lawrence Kenney to Robert Bouley dated June 18, 2014 (SED00778)

16. Email from Lawrence Kenney to Mary Blair dated June 18, 2014 (SED00779-SED00780)

17. Email from Lawrence Kenney to Mary Blair dated June 17, 2014 (SED00781)

18. Email from Lawrence Kenney to Robert Bouley dated June 11, 2014 (SED00782)

19. Email from Joseph Pacheco to Mary Blair dated June 8, 2014 (SED00848)

20. Letter from David Hoey to Joseph Pacheco dated June 4, 2014 (SED00849-SED00850)

21. Email from Joseph Pacheco to Mary Blair dated February 18, 2014 (SED00851-SED00853)

22. Email from Joseph Pacheco to Mary Blair dated February 13, 2014 (SED00854-SED00856)

23. Email from Joseph Pacheco to Lawrence Kenney dated January 30, 2014 (SED00857- SED00858)

24. Email from Lawrence Kenney to David Hoey dated April 26, 2014 (SED00916-SED00917)

25. Letter from David Hoey to Lawrence Kenney dated April 8, 2014 (SED00922-SED00923)

26. Mary Blair Handwritten Notes (SED00968)

27. Letter from Lawrence Kenney to Mary Blair dated February 14, 2014 (SED00980-SED00985)

28. Mary Blair Handwritten Notes (SED01010)

29. Email from Mary Blair to Lawrence Kenney dated February 13, 2014 (SED01011-SED01013)

30. Mary Blair Handwritten Notes (SED01014)

31. Email from Becky Shingleton to Mary Blair dated July 10, 2014 (SED01133-SED01138)

32. Email from Becky Shingleton to Mary Blair dated July 8, 2014 (SED01162-SED01164)

33. Letter from Lawrence Kenney to David Hoey dated July 31, 2014 (SED01247)

34. Email from Becky Shingleton to Mary Blair dated July 24, 2014 (SED01348-SED01350)

35. Mary Blair Handwritten Notes (SED01406)

36. Email from Becky Shingleton to Mary Blair dated July 16, 2014 (SED01438-SED01439)

37. Email from Lawrence Kenney to Mary Blair dated July 15, 2014 (SED01501)

38. Letter from Allen David to David Hoey dated October 30, 2014 (SED02449-SED02451)

39. Third Party Administrator Agreement between Hartford Fire Insurance Company and Sedgwick Claims Management Services, Inc. (SED02527-SED02635)

40. Email from Dale Andrews to Lawrence Kenney dated October 18, 2013 (SED00229)

41. Hartford/Pacific policy and declaration pages (SED00005-SED00115)

42. 90 day status report (SED00462-SED00463)

43. Email Lawrence Kenney to David Hoey, cc Mary Blair with Mary Blair handwritten notes (SED00672)

44. Letter David Hoey to Lawrence Kenney (SED 00683-SED00684)

45. Email Mary Blair to Lawrence Kenney (SED00728-SED00730)

46. Email Cassie Bagent to Mary Blair with attachments (SED00731-SED00739)

47. Email Lawrence Kenney to Terrance O'Malley (SED00877)

48. Email Lawrence Kenney to Mary Blair (SED00918-SED00919)

49. Letter Lawrence Kenney to Krzysztof Sobczak (SED00943-SED00945)

50. Letter David Hoey to Lawrence Kenney ((SED 00951-952).

51. Letter Lawrence Kenney to Mary Blair (SED00998-SED01003)

52. Email Mary Blair to Lawrence Kenney (SED01015-SED01016)

53. Email Mary Blair to Becky Shingleton (SED01103-01108)

54. Email Cassie Bagent to Mary Blair (SED01243)

55. Letter Lawrence Kenney to David Hoey (SED01244-01246)

56. Email Mary Blair to Becky Shingleton (SED01332)

57. Email thread between Mary Blair and Becky Shingleton (SED01360-01368)

58. Third Party Administrator Agreement between Hartford Fire Insurance Company and Sedgwick Claims Management Services, Inc. (SED02668-SED02695)

59. Letter from Lawrence Kenney to Mary Blair dated December 5, 2011

60. Email from Lawrence Kenney to Robert Bouley dated June 13, 2014

61. Email from David Hoey to Lawrence Kenney dated June 17, 2014

62. Email from Mary Blair to Lawrence Kenney dated June 18, 2014

63. Email from Lawrence Kenney to Robert Bouley dated July 18, 2014

64. Docket Sheet in Calandro v. Radius, 1181-CV-02874

III. **OBJECTED TO EXHIBITS**

    A.    Claim Screen (SED02438)

    B.    Sedgwick Professional Liability Claims Expectations (SED02468-02488)

    C.    Sedgwick MA 93A and Sec. 176D Training for Casualty Operations (SED02636-SED02667)

    D.    Defendant's Supplemental Answers to Plaintiff's Interrogatories in Calandro case (SED00773-SED00785)

    E.    Letter Charles Kinderagan to Hartford Financial Services Group, Inc., Pacific Insurance Company, LTD., and Sedgwick Claims Management Services, Inc. (SED02710-SED02740)

    F.    Email from Mary Blair to Paul Kemp dated December 20, 2013 (SED05547)

G.  Email from David Hoey to Lawrence Kenney dated June 13, 2014.

H.  Email from Lawrence Kenney to David Hoey dated July 15, 2014

I.  Letter from Bistany Adjustment Service to Lawrence Kenney dated January 13, 2012 (SED00583- SED00592)

J.  Letter from Bistany Adjustment Service to Lawrence Kenney dated October 24, 2011 (SED00604- SED00610)

IV. **WITNESSES**

   A. **Plaintiff**

   The plaintiff may call the following witnesses:

   Mary Blair (fact witness): direct – approximately 1 hour; cross – 2 hours

   Lawrence Kenney (fact witness): direct – approximately 1 hour; cross – 2 hours

   Jane Hanna (fact witness): direct – approximately ½ hour; cross – 1 hour

   Arthur Keriakos (expert): direct – approximately 1 hour; cross – 1 hour

   Stephen Prater (expert): direct – approximately 1 hour; cross – 1 hour

   Elliott Flood (expert): direct – approximately 1 hour; cross – 1 hour

   Becky Shingleton (fact witness): direct – approximately ½ hour or deposition abstract; cross – ½ hour

   Philip Bistany (fact witness): direct – approximately ½ hour; cross – ½ hour

   B. **Defendant**

   In addition to the fact witnesses listed above, the defendant may call:

   Kathleen Conway (fact witness): direct – 2 hours; cross – ¾ hour

V. **DEPOSITIONS**

The plaintiff intends to use Becky Shingleton's depositions in lieu of live testimony.

## VI. MOTIONS IN LIMINE

### A. Plaintiff

The plaintiff intends to file motion in limine to limit or exclude testimony or evidence from the underlying case, the neglect case as it is not relevant or material to this case.

### B. Defendant

The defendant intends to file motions in limine to exclude the testimony of the three experts the plaintiff has identified: Arthur Kiriakos, Stephen Prater, and Elliot Flood. Plaintiff will oppose.

## VII. EVIDENTIARY ISSUES

### 1. Attorney-Client Privilege Issues

Attorney Lawrence Kenney was defense counsel for the Radius entities in the underlying case. Magistrate Judge Judith Dein has ruled that Attorney Kenney had an attorney-client relationship not only with the Radius entities but also with Hartford Insurance Company and Sedgwick. Sedgwick has waived whatever attorney-client privilege it had with Attorney Kenney. Radius and Hartford, however, have refused to waive their privilege. Issues may arise during Attorney Kenney's testimony regarding his revocation of the attorney-client privilege held by Hartford and Radius.

## VIII. LENGTH OF TRIAL

**4 days**

| Plaintiff, | Defendant, |
| --- | --- |
| GARRICK CALANDRO, | SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. |
| By his attorney, | By their attorneys, |

/s/ David J. Hoey
David J. Hoey, BBO #628619
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
(978) 664-3633
dhoey@hoeylaw.com

/s/ Don C. Keenan
 Don C. Keenan, Pro Hac
Allan Galbraith, Pro Hac
The Keenan Law Firm
148 Nassau Street, N.W.
Atlanta, GA 30303
(404) 523-2200
dkeenan@keenanlawfirm.com
agalbraith@keenanlawfirm.com

1218834
9502-98816

/s/ Allen N. David
Allen N. David, BBO #115000
Jane A. Horne, BBO #672690
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
adavid@peabodyarnold.com
jhorne@peabodyarnold.com