UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GARRICK CALANDRO, AS                )
ADMINISTRATOR OF THE ESTATE OF      )
GENEVIEVE CALANDRO,                 )
                 Plaintiff,         )
                                    )       Civil Action
v.                                  )       No. 15-10533-PBS
                                    )
SEDGWICK CLAIMS MANAGEMENT          )
SERVICES,                           )
                 Defendant.         )
_____)

## ORDER

June 7, 2018

Saris, C.J.

    Plaintiff has moved to alter or amend the Findings of Fact and Conclusions of Law and Judgment or in the Alternative for a New Trial (Dkt. No. 173). He argues, among other things, that the Court made erroneous findings of fact. I deny the motion on the ground that the arguments largely rehash those made at trial. However, I do clarify one point.

    Plaintiff challenges my factual finding, made in a footnote, that "[t]here is no evidence that Blair independently evaluated the case." Dkt. No. 169 at 8 n.3. Plaintiff argues this finding is incorrect because Ms. Blair acknowledged she did do an independent evaluation of the case. He relies primarily on a colloquy at trial regarding an evaluation in February 2014. The Court asked Ms. Blair what she viewed as her duty as an

1

adjuster in February 2014 when Ms. Blair decided there was "no chance" they were going to win the litigation. Trial Tr. 2-36. Ms. Blair answered: "Well I did do an evaluation or an assessment of what the damages were. Also I took into consideration that there was a codefendant on this case, spoke with them on this." Trial Tr. 2-36. On February 7, 2014, Lawrence J. Kenney, an experienced attorney from Sloane and Walsh, LLP, sent Ms. Blair a written pretrial report stating that the verdict value was in the $300,000 to $500,000 range. Trial Ex. 51. That valuation did not change over the course of the Calandro case. Trial Tr. 2-114. Kenney had been involved in valuing the case by mid-December 2013. Trial Ex. 23. Accordingly, on February 6, 2014, when the joint settlement offer of $275,000 was made, Ms. Blair did not "independently" evaluate the case but worked with the codefendant in reaching a valuation, which was confirmed by experienced trial counsel. This offer was rejected on February 17, 2014. Defendants were told $500,000 was non-negotiable.

    Plaintiff emphasizes that Ms. Blair's first valuation of the case in December 2013 was independent, and is "smoking gun" evidence that Defendant acted in bad faith. See Trial Ex. 71 (email from Mary Blair to Paul Kemp dated December 20, 2013, stating, "Liability is problematic and we have estimated exposure of $250K to each defendant."). It is unlikely that this

earlier evaluation was made "independently" by Ms. Blair since Mr. Kenney was already involved. In any event, the debate over whether the evaluation was "independent" is a red herring. Plaintiff argues that based on this December 2013 valuation, Defendant should have instantly made a joint settlement offer of $500,000. The delay of about six weeks and a lower offer of $275,000 are not "smoking guns" since the valuation of the case did not change, and the initial offer in February 2014 was not unreasonable in light of the valuation range of $300,000 to $500,000.

          /s/ Patti B. Saris           .
          Honorable Patti B. Saris
          Chief U.S. District Judge